**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIO MORRIS, individually, and on behalf of all others similarly situated,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>DOORDASH, INC.,<br><br>      *Defendant.* | Removed from the Circuit Court of Cook County, Illinois, Chancery Division<br><br>No. 2025CH05690<br><br>Case No. _____ |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant DoorDash, Inc. ("DoorDash") hereby removes to the United States District Court for the Northern District of Illinois the above-captioned state-court action, originally filed as Case No. 2025CH05690 in the Chancery Division of the Circuit Court of Cook County, Illinois. In support of removal, DoorDash states:

## I.  TIMELINESS OF REMOVAL

1.  Plaintiff Antonio Morris ("Morris") filed this action in the Chancery Division of the Circuit Court of Cook County, Illinois, on May 28, 2025, seeking to assert claims on behalf of himself and a putative class under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

2.  On May 29, 2025, Morris served copies of the summons and complaint on DoorDash's agent for service of process. Copies of these documents are attached hereto as **Exhibit A** (complaint) and **Exhibit B** (summons).

3.  This notice of removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days after service was completed. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II.  PROCEDURAL REQUIREMENTS

4.  Removal to this Court is proper because it is the U.S. District Court for the district and division embracing the Circuit Court in Cook County, Illinois. *See* 28 U.S.C. § 93(a)(1).

5.  As set forth in greater detail below, the Court has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as well as 28 U.S.C. §§ 1332(d) and 1453, because the allegations in the Complaint identify a putative class of more than 100 members, minimal diversity exists, and the amount in controversy exceeds $5,000,000.

1

## III.    BACKGROUND

6.      Morris and the members of the putative class are residents of the state of Illinois, as alleged in the Complaint.  Ex. A ¶ 16.  DoorDash is a Delaware corporation with its principal place of business in California.

7.      Morris alleges that DoorDash retained and disclosed biometric information from delivery drivers ("Dashers") who contracted with DoorDash, without following certain procedures required by BIPA, 740 ILCS § 14/1 *et seq*.  Ex. A ¶¶ 48–62.

8.      Morris "brings these claims on behalf of herself [*sic*] and all members of the following Rule 23 class," which the Complaint defines as "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint."  *Id.* ¶ 40.

9.      Morris requests relief in the form of "certification of this case as a class action," "a declaration that DoorDash has violated BIPA," "statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCCS 14/20(2), or, alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that DoorDash's violations of BIPA were not willful," "reasonable attorneys' fees and costs and other litigation expense [sic] pursuant to 740 ILC 14/20(3)," " actual damages," and "any other relief deemed appropriate in the premises."  *Id.* at 13.

10.      DoorDash denies any liability as to Morris's individual claims and as to the claims of the putative class members.  DoorDash expressly reserves all rights, including, but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings.  However, for purposes of meeting the jurisdictional requirements for removal only, DoorDash submits that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members,

2

establish the minimum diversity of citizenship required under CAFA, and put in controversy more than $5,000,000 in the aggregate for the entire class, exclusive of interest and costs.  See 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

## IV.     GROUNDS FOR REMOVAL UNDER CAFA

11.     As amended by CAFA, 28 U.S.C. § 1332(d) grants U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

12.     **This is a "class action" under CAFA.**  Because Morris invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA.  28 U.S.C. § 1332(d)(1)(B); *see* Ex. A ¶ 40.

13.     **The putative class contains at least 100 members.**  Morris's putative class includes "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint."  Ex. A ¶ 40.  Morris alleges that "there are more than 1,000 people who satisfy the definition of the Class."  *Id.* ¶ 42.  Furthermore, DoorDash avers, based on the allegations in the Complaint, that during the alleged class period from May 29, 2020, through May 28, 2025, more than 2,000 people used DoorDash's Dasher app to complete deliveries in the State of Illinois.[1]  Morris alleges that DoorDash required all prospective Dashers during that period to submit facial recognition data in order to sign up for a

---

[1] The Notice of Removal "need not contain evidentiary submissions," and DoorDash reserves its right to submit additional evidentiary support in the event Morris moves to remand.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

Dasher account. *See* Ex. A ¶¶ 2–3. Accordingly, while DoorDash denies that class treatment is permissible or appropriate and denies that it is liable to Morris or any members of the putative class, based on the Complaint's allegations, the proposed class consists of at least 100 members.

14. **The amount placed in controversy exceeds $5,000,000.** The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removing under CAFA is low and requires only "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (plausible, good-faith estimate). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). DoorDash need not "confess liability" or offer "proof" of damages, since it may rely on "what the plaintiff is claiming." *Id.* (quoting *Brill*, 427 F.3d at 449). Claims for statutory penalties count toward the amount in controversy. *ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011).

15. Here, DoorDash denies, among other things, that actual damages to the plaintiffs, if any, are quantifiable; that statutory damages may be awarded; and that certification of a class is appropriate. However, solely for the purposes of removal, multiplying the $5,000 per violation in statutory damages alleged by Morris by the over 2,000 individuals in the putative class places in controversy an amount far in excess of $5,000,000. If Morris were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would clearly exceed $5,000,000.

16. **Minimal Diversity Exists.** The minimum diversity of citizenship criterion under

CAFA is met if the plaintiff, or "any member" of the putative class, "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "The CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant." *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 609 (N.D. Ill. 2023) (citations, quotations omitted).

17.     DoorDash is incorporated in Delaware and has its principal place of business in California. It is not a citizen of Illinois. Morris alleges that he and the members of the putative class are residents of Illinois. Ex. A ¶¶ 16–17, 40. Thus, minimal diversity exists.

18.     **No exceptions apply.** This case does not fall within any CAFA exception or exclusion to removal jurisdiction set forth in 28 U.S.C. § 1332(d).

### V.     ARTICLE III STANDING

19.     Morris has sufficiently alleged that he has standing under Article III of the U.S. Constitution to bring his claims under BIPA Sections 15(a), 15(b), and 15(d). DoorDash reserves the right to challenge Morris's and putative class members' standing to bring these claims at later stages of the litigation.

20.     Morris has sufficiently alleged that he has standing to bring his BIPA Section 15(a) claim. A plaintiff has Article III standing to bring claims for alleged violations of BIPA Section 15(a) where the plaintiff alleges that the defendant failed to post and comply with an appropriate retention policy. For example, in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146, 1149 (7th Cir. 2020), the court found standing for purposes of removal under Section 15(a) of BIPA because the complaint alleged "a concrete and particularized invasion of [the plaintiff's] privacy interest in her biometric data stemming from [the defendant's] violation of the full panoply of its [S]ection 15(a) duties." Here, Morris alleges that DoorDash violated Section 15(a) by failing to post a policy and by retaining his information. *See* Ex. A ¶¶ 25–29, 52 ("DoorDash's retention of

Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a)").  Thus, Morris has sufficiently alleged that he has Article III standing to bring his Section 15(a) claims.

21.     Morris has also sufficiently alleged that he has standing to bring his BIPA Section 15(b) claim.  When a defendant has collected a plaintiff's biometric identification while failing to abide by the requirements of Section 15(b), the plaintiff has suffered a "concrete injury-in-fact" sufficient to confer Article III standing.  *See Bryant v. Compass Group, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020).  Morris alleges that DoorDash failed to comply with the requirements of Section 15(b).  Ex. A ¶ 59.  So Morris has sufficiently alleged that he has Article III standing to assert his Section 15(b) claim.

22.     Finally, Morris has sufficiently alleged that he has Article III standing to bring his Section 15(d) claim.  A plaintiff whose information has been disseminated without consent in violation of Section 15(d) has suffered a concrete injury and has Article III standing.  *See Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 613 (N.D. Ill. 2020).  Morris alleges that DoorDash disseminated biometric information without his consent in violation of Section 15(d), so he has sufficiently alleged that he has Article III standing to bring those claims.  Ex. A ¶¶ 61–62.

## VI.     NOTIFICATIONS

23.     DoorDash will provide prompt written notice to Morris, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

24.     DoorDash promptly will file a copy of this Notice of Removal with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

## VII.     NON-WAIVER

25.     If this Court determines that the pleadings and other documents filed to date lack

adequate information from which to ascertain the prerequisites of jurisdiction under CAFA, the removal clock will not have begun to run, and DoorDash reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

26.    DoorDash reserves all defenses, exceptions, and objections it may have to this action, without conceding either the Complaint's allegations or that Morris has pleaded claims upon which relief may be granted.

## VIII.    CONCLUSION

27.    DoorDash therefore removes this action from the Chancery Division of the Circuit Court of Cook County, Illinois, and respectfully requests that the action proceed in this Court as a matter properly removed.

DATED:  June 30, 2025                                Respectfully submitted,

**FORDE & O'MEARA LLP**                  **GIBSON, DUNN & CRUTCHER LLP**

By:  _/s/  Michael Holecek_

By:  _/s/  Michael K. Forde_            Michael Holecek (*PHV forthcoming*)
Michael K. Forde                        333 South Grand Avenue
Brian P. O'Meara                        Los Angeles, CA 90071
191 North Wacker Drive                  Phone: 213.229.7000
31st Floor                              mholecek@gibsondunn.com
Chicago, IL 60606
Phone: (312) 641-1441                   Elizabeth McCloskey (*PHV forthcoming*)
mforde@fordellp.com                     Sean Howell (*PHV forthcoming*)
bomeara@fordellp.com                    One Embarcadero Center, Suite 2600
                                        San Francisco, CA 94111
                                        Phone: 415.393.8200
                                        emccloskey@gibsondunn.com
                                        showell@gibsondunn.com

                                        *Attorneys for Defendant DoorDash, Inc.*

## **PROOF OF SERVICE**

I, Mickey Balestri, declare that I am employed in the County of Cook, State of Illinois, am over the age of eighteen years, and am not a party to this action. I am employed by Forde & O'Meara LLP, attorneys for Defendant DoorDash, Inc. My business address is 191 N. Wacker Drive, 31st Floor, Chicago, IL 60606. On June 30, 2025, I served the following document(s):

### **DEFENDANT DOORDASH, INC.'S NOTICE OF REMOVAL**

 on the parties below, via e-mail.

> **FRADIN LAW**
> Michael L. Fradin
> 8401 Crawford Ave. Ste. 104
> Skokie, IL 60076
> Phone: 847.986.5889
> mike@fradinlaw.com
>
> **SIMON LAW CO.**
> James L. Simon (*PHV forthcoming*)
> 11 ½ N. Franklin Street
> Chagrin Falls, OH 44022
> Phone: 216.816.8696
> james@simonsayspay.com
>
> *Counsel for Plaintiff Antonio Morris*

I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 30, 2025                    /s/ *Mickey Balestri*

                                                        Mickey Balestri

# EXHIBIT A

Hearing Date: 7/28/2025 9:30 AM
Location: Court Room 2508
Judge: Stanton, Patrick T

FILED
5/28/2025 9:51 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH05690
Calendar, 6
32883198

FILED DATE: 5/28/2025 9:51 AM  2025CH05690

## STATE OF ILLINOIS
## CIRCUIT COURT OF COOK COUNTY
## CHANCERY DIVISION

2025CH05690

| | |
|---|---|
| Antonio Morris, Individually, and on behalf of all others similarly situated, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| DoorDash, Inc. ) | |
| ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Now comes Plaintiff, Antonio Morris("Plaintiff"), on behalf of himself and all other similarly situated, through Counsel, and pursuant to 740 ILCS § 14/15, 735 ILCS § 5/2-801 and § 5/2-802 against Defendant, DoorDash, Inc. ("DoorDash" or "Defendant"), its subsidiaries and affiliates, to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences and, as to all other matters, upon information and belief including investigation by his attorneys.

## NATURE OF THE ACTION

1. DoorDash is a corporation which operates as an online food ordering and food delivery platform.

2. Plaintiff has worked as a delivery driver for DoorDash, referred to as a 'Dasher',

FILED DATE: 5/28/2025 9:51 AM    2025CH05690

from 2022-2023 and had his biometric information processed by DoorDash as part of the process of signing up for his account.

3.        As part of signing up and/or being permitted to continue his work as a delivery driver for DoorDash, Plaintiff has routinely been required to upload a picture of (1) a valid state-issued identification; and (2) a real time portrait of his face, i.e. a "selfie."

4.        In these instances, DoorDash scans the "selfie" photograph, creates a biometric template of the user's face and compares the user's facial biometrics to the photograph on the identification document to confirm whether they match.

5.        DoorDash drivers, including Plaintiff, are required to undergo this biometric authentication in order to perform their work for DoorDash. This verification function allows DoorDash to ensure that their drivers, such as Plaintiff, are not subcontracting out their work for DoorDash and to verify their identities.

6.        DoorDash collects, stores, possesses and otherwise obtains, uses and disseminates its users' biometric data to, amongst other things, further enhance DoorDash and its online platform.

7.        Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. DoorDash's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if DoorDash's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, DoorDash customers have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

8.        The Illinois legislature enacted BIPA to protect residents' privacy interests in their

2

FILED DATE: 5/28/2025 9:51 AM    2025CH05690

biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

9.      Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

10.     In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like DoorDash may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

11.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are

FILED DATE: 5/28/2025 9:51 AM 2025CH05690

biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

12.     Specifically, upon information and belief, DoorDash has created, collected, and stored thousands of "face templates" – highly detailed geometric maps of the face from countless Illinois residents whose selfies and state-issued IDs were collected by DoorDash. Each face template that DoorDash extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies a particular individual.

13.     DoorDash is a "private entity" as that term is broadly defined by BIPA and DoorDash is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

14.     This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS § 14/1 et seq.) brought pursuant to 735 ILCS § 5/2-209 seeking statutory and actual damages.

15.     Venue is proper in this Court because Defendant does a substantial amount of business within this Venue.

16.     At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

17.     At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the members of the proposed Class were located in Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

4

FILED DATE: 5/28/2025 9:51 AM    2025CH05690

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19.     Plaintiff worked for DoorDash in the Chicago, Illinois metropolitan area from 2022-2023.

20.     As part of signing up and/or continuing his work for DoorDash, Plaintiff has been routinely required to upload a picture of (1) a valid state-issued identification; and (2) a real time portrait of his face, i.e. a "selfie."

21.     As part of this process, DoorDash has scanned Plaintiff's "selfie" photograph, creating a biometric template of the Plaintiff's faces and biometric identifiers, and compared Plaintiff's biometric identifiers to the photograph on her state issued identification document to confirm whether they match.

22.     DoorDash drivers, including Plaintiff, are required to undergo this biometric authentication in order to perform their work for DoorDash.

23.     This verification function allows DoorDash to ensure that their drives, such as Plaintiff, are not subcontracting out their work for DoorDash.

24.     In other words, DoorDash collected and retained biometric information for the purpose of verifying Plaintiff's identity.

25.     At all relevant times, DoorDash had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with DoorDash, whichever occurs first.

26.     Ostensibly, the purpose of DoorDash's collection of Plaintiff's facial geometry was to verify Plaintiff's identity prior to opening a DoorDash driver account in Plaintiff's name.

FILED DATE: 5/28/2025 9:51 AM 2025CH05690

27.     As such, Plaintiff's facial geometry should have been permanently destroyed by DoorDash following the opening of Plaintiff's DoorDash driver account.

28.     However, DoorDash failed to permanently destroy Plaintiff's facial geometry following the opening of Plaintiff's DoorDash driver account and instead retained Plaintiff's biometric information.

29.     As such, DoorDash's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

30.     Plaintiff was never informed in writing that DoorDash was collecting or storing his biometric information.

31.     Instead, Plaintiff was simply instructed to upload his state issued identification forms and "selfie" photographs as part of his overall onboarding and continual verification for DoorDash.

32.     In fact, DoorDash made no mention of biometric information, collection of biometric information, or storage of biometric information to Plaintiff.

33.     Moreover, DoorDash did not inform Plaintiff in writing of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

34.     DoorDash collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff which would consent to or authorize DoorDash to do the same.

35.     DoorDash collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent.

36.     Additionally, DoorDash disclosed, redisclosed, or otherwise disseminated a Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's

authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

37.     Upon information and belief, DoorDash utilizes numerous third party "Service Providers", all of which have had Plaintiff's biometric information disclosed, redisclosed or otherwise disseminated to them via their role as Service Providers assisting DoorDash with its identity verification services.

38.     DoorDash's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part of DoorDash policies and procedures which DoorDash applies to all of its users, including the Class Members.

## CLASS DEFINITIONS AND ALLEGATIONS

39.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40.     Plaintiff brings Claims for Relief in violation of BIPA as a Class Action under 735 ILCS § 5/2-801 and 735 ILCS § 5/2-802. Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

**All Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint ("the Class Members").**

41.     In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

42.     **Numerosity.** The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

7

FILED DATE: 5/28/2025 9:51 AM    2025CH05690

43.    **Existence of Common Questions of Law and Fact.** Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

a.    Whether DoorDash possessed Plaintiff's and the Class Member's biometric identifiers or biometric information without first developing a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with DoorDash, whichever occurs first.

b.    Whether DoorDash collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members;

c.    Whether DoorDash disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction; and

d.    The damages sustained and proper monetary amounts recoverable by Plaintiff and the Class Members.

FILED DATE: 5/28/2025 9:51 AM   2025CH05690

44.     **Typicality.** Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had their biometric identifiers and biometric information collected, retained or otherwise possessed by DoorDash without DoorDash's adherence to the requirements of BIPA as detailed herein.

45.     **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

46.     **Injunctive and Declaratory Relief.** Class certification is appropriate because DoorDash acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

47.     **Predominance and Superiority of Class Action.** Class certification is also appropriate because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. DoorDash's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about DoorDash's practices.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding

FILED DATE: 5/28/2025 9:51 AM   2025CH05690

paragraphs.

49.     A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

50.     As part of signing up, and/or gaining access to their DoorDash account to work as delivery drivers for DoorDash, Plaintiff and the Class Members were prompted to allow DoorDash to collect their facial geometry, *i.e.,* their biometric information.

51.     At the time of collecting and retaining Plaintiff's and the Class Members' biometric information, DoorDash had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with DoorDash, whichever occurs first.

52.     As such, DoorDash's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that DoorDash has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or

10

FILED DATE: 5/28/2025 9:51 AM    2025CH05690

alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that DoorDash's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

55. DoorDash did not inform Plaintiff and the Class Members in writing that DoorDash was collecting or storing their biometric information.

56. In fact, DoorDash made no mention of biometric information, collection of biometric information, or storage of biometric information.

57. Moreover, DoorDash did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

58. DoorDash collected, stored, and used Plaintiff's and the Class Members'

FILED DATE: 5/28/2025 9:51 AM 2025CH05690

biometric information without ever receiving a written release executed by Plaintiff or the Class Members which would consent to or authorize DoorDash to do the same.

59.     As such, DoorDash's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(b).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that DoorDash has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that DoorDash's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(d)

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or

12

FILED DATE: 5/28/2025 9:51 AM   2025CH05690

(4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

62.    DoorDash's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

**WHEREFORE**, individually, and on behalf of the Class Members, the Plaintiff prays for: (1) certification of this case as a class action appointing the undersigned counsel as class counsel; (2) a declaration that DoorDash has violated BIPA, 740 ILCS 14/1 *et seq.*; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that DoorDash's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

By: *Michael L. Fradin*
Michael L. Fradin
Fradin Law
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com
*Counsel for Plaintiff*


By: *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com
*Counsel for Plaintiff*

# EXHIBIT B

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | For Court Use Only |
|---|---|---|
| Cook _____ **COUNTY** | | FILED 5/28/2025 9:51 AM Mariyana T. Spyropoulos CIRCUIT CLERK COOK COUNTY, IL 2025CH05690 Calendar, 6 32883198 |

FILED DATE: 5/28/2025 9:51 AM  2025CH05690

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Antonio Morris _____ **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.  Doordash, Inc. _____ **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2025CH05690**

**Case Number**

Hearing Date: 7/28/2025 9:30 AM
Location: Court Room 2508
Judge: Stanton, Patrick T

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.  E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.  Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.  If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
|---|---|---|
| | a. | Defendant/Respondent's primary address/information for service: Name *(First, Middle, Last)*:  Doordash, Inc. _____ Registered Agent's name, if any:  CT Corporation System _____ Street Address, Unit #:  208 S. LaSalle St., Suite 814 _____ City, State, ZIP:  Chicago, IL 60604 _____ Telephone: _____  Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here: Name *(First, Middle, Last)*: _____ Street Address, Unit #: _____ City, State, ZIP: _____ Telephone: _____  Email: _____ |
| In **1c,** check how you are sending your documents to Defendant/ Respondent. | c. | Method of service on Defendant/Respondent: ☐ Sheriff     ☐ Sheriff outside Illinois: _____  *County & State* ☐ Special process server     ☐ Licensed private detective |

SU-S 1503.2                    Page 1 of 4                    (06/21)

Enter the Case Number given by the Circuit Clerk: _____

FILED DATE: 5/28/2025 9:51 AM   2025CH05690

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed:  $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  Michael L. Fradin<br>Street Address, Unit #:  8401 Crawford Ave. Ste. 104<br>City, State, ZIP:  Skokie, IL 60076<br>Telephone:  (847) 986-5889         Email:  mike@fradinlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ a.  To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:<br>Address:  50 West Washington Street (Richard J. Daley Center - Chancery Division)<br>City, State, ZIP:  Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b.  Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>     *Date*          *Time*              *Courtroom*<br>**In-person at:**<br>_____<br>*Courthouse Address*   *City*          *State*   *ZIP* |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>      *Call-in number for telephone remote appearance*<br>By video conference: _____<br>      *Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br>Call the Circuit Clerk at: _____ or visit their website<br>      *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>   *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>5/28/2025 9:51 AM Mariyana T. Spyropoulos<br>**Clerk of the Court:** _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*Seal of Court*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 5/28/2025 9:51 AM 2025CH05690

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Cook _____ COUNTY

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | Antonio Morris |
| | **Plaintiff / Petitioner** (First, middle, last name) |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. |
| | Doordash, Inc. |
| | **Defendant / Respondent** (First, middle, last name) |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) |

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
　　　　　　　*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ as follows:
*First, Middle, Last*

☐　Personally on the Defendant/Respondent:
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address, Unit#: _____
　　City, State, ZIP: _____

☐　On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
　　member or lives there:
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address, Unit#: _____
　　City, State, ZIP: _____
　　And left it with: _____
　　　　　　　　　*First, Middle, Last*
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　above address on _____ , 20 _____ .

☐　On the Corporation's agent, _____
　　　　　　　　　　　　　　　*First, Middle, Last*
　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____　Race: _____
　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　Address: _____
　　City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

By: _____

| | FEES | |
|---|---|---|
| *Signature by:* ☐ Sheriff | Service and Return: | $ _____ |
| ☐ Sheriff outside Illinois: | Miles _____ | $ _____ |
| | Total | $ 0.00 |

Under the Code of Civil Procedure, <u>735 ILCS 5/1-109</u>, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

*Sidebar text (left margin, rotated):* FILED DATE: 5/28/2025 9:51 AM   2025CH05690

SU-S 1503.2        Page 4 of 4        (06/21)